**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANYSSA A. SANCHEZ, a minor; LORENTINA SANCHEZ, Guardian Ad Litem of A.S., a minor, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BRAWLEY ELEMENTARY SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No. 16-55892 <br><br> D.C. No. 3:14-cv-00564-GPC-PCL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted April 10, 2018[**]
Pasadena, California

Before: BOGGS,[***] BYBEE, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The district court properly granted summary judgment to Brawley Elementary School District on Anyssa Sanchez's Title IX claims.

**1.** The district court did not err in holding that, as presented here, the harassment Sanchez endured was not "so severe, pervasive, and objectively offensive that it effectively bar[red] [Sanchez's] access to an educational opportunity or benefit." *LaShonda D. ex rel. Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). The only potential denial of "equal access" that Sanchez identified was her one-day suspension and brief removal from honor roll; she did not identify any ongoing impediment to her education, such as lowered grades. *Id.* at 651–52. The only harassment she "link[ed]" to that denial was one physical incident in which a male student briefly flicked her chest (and she kneed him in the groin in response). *Id.* at 652. That one incident, standing alone, is insufficiently "severe, pervasive, and objectively offensive" to be considered actionable peer-to-peer harassment under Title IX.

**2.** The district court also properly held that Sanchez failed to establish a prima facie case of retaliation under Title IX. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 867 (9th Cir. 2014). Here, too, Sanchez alleged just one "adverse action": her one-day suspension and brief removal from honor roll. *Id.*

Before the physical incident, Sanchez reported to a teacher that her friend had been harassed. That report was a protected activity even though Sanchez was not the "subject" of the report. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 179 (2005). But there was no "causal link" between that report and the adverse action because Sanchez never disputed that she was suspended and removed from honor roll only because she kneed the male student. *Ollier*, 768 F.3d at 867.

Nor was Sanchez's kneeing of the male student itself a protected activity. We need not decide whether physical force used to defend against a Title IX-prohibited behavior could be protected in certain circumstances because Sanchez did not use force here in order to defend herself. *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566–67 (2d Cir. 2000). Sanchez admitted that when she kneed the student, she did not think that he was going to touch her again and she could have walked away. These admissions reveal that Sanchez did not act in self-defense and thus that her act was not a protected activity.

**AFFIRMED.**